IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01763-WYD-KMT

ALPHA PRIME DEVELOPMENT CORPORATION,

Plaintiff,

v.

HOLLAND LOADER COMPANY, LLC and
STEVEN MICHAEL SVATEK,

Defendants.

**STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY**

This matter comes before the Court on the parties' Joint Motion for Protective Order Governing Confidentiality. Having heard the parties, and good cause being shown, for the purpose of facilitating the exchange of information among the parties to this litigation and avoiding injury to any party through the disclosure of such party's confidential information, the Court ORDERS as follows:[1]

### 1. Introduction and Scope

This Protective Order shall govern documents and information exchanged during this action, including, but not limited to, documents produced by the parties or non-parties, deposition testimony, testimony taken at a hearing or other proceeding, interrogatory answers, responses to requests for admission, and correspondence between counsel (collectively, "Discovery Material").

### 2. Designation of Certain Discovery Material as "CONFIDENTIAL"

Discovery Material may be designated "CONFIDENTIAL" if such Discovery Material contains non-public, sensitive or confidential information. Such Discovery Material shall be so identified at the time of service of such Discovery Material by including on each page the legend

---

[1] Plaintiff Alpha Prime Development; Defendants Holland Loader Company, LLC and Steven Michael Svatek are referred to collectively as the "parties," and individually as a "party."

"CONFIDENTIAL." Any document, material, or information designated by a party as "CONFIDENTIAL" must be reviewed by an attorney. The designation of any document, material, or information as "CONFIDENTIAL," in the manner described above, shall constitute a certification by the attorney reviewing the material and making such designation that he or she in good faith believes the material is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c).

> **3. Limitations on Access to "CONFIDENTIAL" Discovery Material**

Subject to the provisions of this paragraph, Paragraph 3, "CONFIDENTIAL" Discovery Material shall not, without prior written consent of the producing party, (a) be disclosed to anyone other than the Court, its officers and its clerical staff and the Authorized Personnel specified herein; or (b) be used by anyone other than the producing party for any purpose whatsoever other than the prosecution or defense of this litigation. Nothing herein shall affect any confidentiality obligations to which the parties may be subject pursuant to agreements independent of this litigation, nor shall anything herein constitute an agreement that such obligations will relieve any party of the obligation to produce Discovery Material. Access to and disclosure of "CONFIDENTIAL" Discovery Material marked and identified in accordance with this Order shall be limited to the Court, its officers and its clerical staff and to the Authorized Personnel. Authorized Personnel are:

        `(a)` Counsel of record for the parties to this lawsuit and Counsel not of record that become signatories to this Order, including paralegal, secretarial, and clerical personnel reasonably necessary to assist such counsel;
        `(b)` Parties to the lawsuit, including employees of, and independent contractors responsible for management functions of, Holland Loader Company or Alpha Prime Development Corporation, or any of its associated entities with responsibility for the oversight of this litigation;

(c) Technical experts and consultants and their staff who are retained by a party or attorney to assist in this action, but only to the extent reasonably necessary to perform such work. A party desiring to disclose "CONFIDENTIAL" Discovery Material to experts or consultants shall first obtain from each expert or consultant an Acknowledgement in the form provided in Exhibit A, and the attorney for the party shall keep the executed Acknowledgement for a one year period following the final termination of this action. The disclosing attorney must have a good faith belief that disclosure of such documents to the expert or consultant is necessary for the expert or consultant's review of the issues in this action.

(d) Employees of outside vendors providing copy services and exhibit preparation services in connection with this litigation;

(e) Stenographic reporters and videographers engaged for depositions or proceedings necessary to this action;

(f) Any person (i) who is identified as an author or recipient, including receipt by copy, of any document or information therein and is not otherwise shown prior to such disclosure not to have received the document or information therein or (ii) who has been identified in writing by the designating party as having been provided with the document or information therein. Such person shall be considered "Authorized Personnel" solely with respect to the specific document or information therein;

(g) Third-party mediators selected by the parties;

(h) Such other persons as hereafter may be designated by written stipulation of the parties filed with the Clerk of the Court or by further Order of the Court.

**4.     Designation of Deposition or Other Testimony**

Deposition and other testimony may also be designated as "CONFIDENTIAL." During the course of a deposition or other testimony which involves "CONFIDENTIAL" Discovery Material, counsel for a party or witness producing such information may designate on the record the portion(s) of the deposition or other testimony which counsel believes may contain "CONFIDENTIAL" information. If such designation is made, those portions of the deposition or other testimony involving such "CONFIDENTIAL" Discovery Material will be taken with no one present, except those persons who are authorized to have access to such "CONFIDENTIAL" Discovery Material in accordance with this Order. For ten (10) business days after the official transcript is delivered to all counsel, a party may designate in writing other or new portions containing "CONFIDENTIAL" information. During this ten-day period, if any part of the

3

testimony is designated on the record or in writing as containing "CONFIDENTIAL" information, the entire deposition or other testimony will be deemed to contain "CONFIDENTIAL" information. A party objecting to any such designation of deposition or other testimony as "CONFIDENTIAL" shall follow the procedure as set forth in Paragraph 9 below.

     5.    **Party's Own Information**

The restrictions on the use of Discovery Material established by this Protective Order are applicable only to Discovery Material received by a party from another party or from a non-party as a direct result of this litigation. A party is obviously free to do whatever it desires with its own Discovery Material.

     6.    **Related Material**

The restrictions on the use of Discovery Material established by this Protective Order shall extend to: (i) all copies, extracts and complete or partial summaries prepared from such Discovery Material; and (ii) portions of briefs, memoranda or any other writing filed with the Court and exhibits thereto that contain or reflect the content of any such Discovery Material, copies, extracts, or summaries, provided that such writings are identified as containing "CONFIDENTIAL" Discovery Material as provided for by Paragraph 7 hereto and are marked "CONFIDENTIAL" on at least the first page of the writing.

     7.    **Procedures for Filing Designated Material**

Any party wishing to include, disclose, or attach any "CONFIDENTIAL" Discovery Material as part of or with any pleading, motion, brief or other paper filed with the Clerk of this Court, shall move to have the material filed under seal in accordance with the Court's applicable rules,

including but not limited to Local Rules 7.2 and 7.3 of the United States District Court for the District of Colorado. Copies of the papers filed under seal shall be timely served on counsel for the parties. Should the need arise during any pre-trial proceedings before the Court, a party may cause "CONFIDENTIAL" Discovery Material to be disclosed only after appropriate *in camera* inspection or other appropriate safeguards are requested of the Court.

### 8. Use of Discovery Material at Hearing or Trial

At any hearing or trial relating to this proceeding, subject to the rules of evidence and any Order of the Court, a party may use any "CONFIDENTIAL" Discovery Material for any purpose. In the event that any "CONFIDENTIAL" Discovery Material is used in any court proceeding in connection with this litigation, it shall not lose its status as "CONFIDENTIAL" Discovery Material through such use, provided that the parties to this action take steps reasonably calculated to protect its confidentiality during such use. The parties may request that attendance at those portions of the hearing or trial or access to the transcripts of those hearings or the trial in which "CONFIDENTIAL" Discovery Material is disclosed be restricted to court personnel, jurors, and persons authorized to receive disclosure by this Protective Order.

### 9. Challenge to Designation

In the event that the party receiving "CONFIDENTIAL" Discovery Material disagrees with the designation by the producing or designating party, then the parties initially will try to resolve the dispute on an informal basis, within five (5) business days from the date that the receiving party raises the objection to the designation (or a mutually agreed upon longer period) in writing. Any such disputed items shall be treated as "CONFIDENTIAL" Discovery Material, as designated, and subject to the protections of this Order unless and until the parties reach an

agreement or the Court determines otherwise.  If the parties are unable to resolve their differences, then the objecting party may file a motion requesting disclosure within ten (10) business days after the informal period has concluded (or a longer time period agreed upon by the parties).  In connection with a motion filed under this provision, the party designating the information as "CONFIDENTIAL" shall bear the burden of establishing that good causes exists for the disputed information to be so treated.  No party shall be obligated to challenge the propriety of a "CONFIDENTIAL" designation, and failure to do so shall not constitute an admission that any Discovery Material is in fact "CONFIDENTIAL."  Discovery Material marked and identified in accordance with this Protective Order shall remain subject to the terms of this Protective Order unless otherwise agreed by the producing party or ordered by the Court.

10. **Other Protections**

(a) This Protective Order shall not preclude any party from seeking additional protection with respect to the confidentiality of Discovery Material as that party deems appropriate.  Nor shall any party be precluded from seeking an order from the Court permitting the disclosure or use of certain Discovery Materials otherwise prohibited by this Protective Order;

(b) Nothing herein shall prevent the parties from mutually agreeing in writing to the use or disclosure of "CONFIDENTIAL" Discovery Material other than as permitted by this Order;

(c) If the Court orders that access to or dissemination of any type of Discovery Material shall be had by or made to persons not included in Paragraph 3 above, such matters shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and the obligations arising from, this Order, and such persons shall sign an Acknowledgment as provided for in Exhibit A of this Order, and in all other respects shall be considered subject to it; and

(d) If it becomes necessary for counsel for a party receiving "CONFIDENTIAL" Discovery Material to seek the assistance of any person other than those specified in Paragraph 3 above, the following procedures shall be employed:

    i. Counsel for the receiving party shall notify, in writing, counsel for the producing party of the desire to disclose such CONFIDENTIAL Discovery Material and shall identify the person(s) to whom counsel intends to make such disclosure;

    ii.  If no objection to such disclosure is made by counsel for the producing party within five (5) business days of such notification, counsel for the receiving party shall be free to make such disclosure to the designated person(s); provided, however, that counsel for the receiving party shall serve upon opposing counsel, prior to disclosure, an Acknowledgment in the form set forth in Exhibit A whereby such persons agree to comply with and be bound by this Stipulated Protective Order;

    iii.  If the producing party objects to such disclosure, no disclosure shall be made at that time.  However, any party may bring before the Court the question of whether the particular "CONFIDENTIAL" Discovery Material can be disclosed to the designated person(s) and the party making the designation shall have the burden of establishing before the Court the necessity for such designation.

  **11.**  **Inadvertent Disclosure**

    (e)  If, through inadvertence, a producing party provides any "CONFIDENTIAL" Discovery Material in this litigation without marking the information as "CONFIDENTIAL," the producing party may subsequently inform the receiving party in writing of the "CONFIDENTIAL" nature of the disclosed information, and the receiving party shall treat the disclosed information in accordance with this Order after receipt of such written notice and make reasonable efforts to retrieve any such material that has been disclosed to persons not authorized to receive the material under the terms hereof.  A party objecting to any such "CONFIDENTIAL" designation shall follow the procedures set forth in Paragraph 9 above.  Prior disclosure of material later designated as "CONFIDENTIAL" shall not constitute a violation of this Order.

    (f)  If "CONFIDENTIAL" Discovery Material is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the producing party and, if appropriate, to the Court and, without prejudice to other rights and remedies of any party, take reasonable and appropriate measures to prevent further disclosure by it or by the person who was the recipient of such information.

    (g)  If a disclosing party through inadvertence produces or provides Discovery Material that it believes is subject to a claim of attorney-client privilege, work product immunity, or any other privilege, the disclosing party may give written notice to the receiving party that the Discovery Material is deemed privileged and that return of the Discovery Material is requested.  Upon such written notice, the receiving party shall immediately gather the original and all copies of the Discovery Material of which the receiving party is aware and shall immediately return the original and all such copies to the disclosing party.  Return of this Discovery Material by the receiving party shall not preclude the receiving party from later moving the Court to compel production of the returned Discovery Material.

## 12. Materials Not "CONFIDENTIAL"

Notwithstanding the designation and protection of any materials as "CONFIDENTIAL" Discovery Material, such Discovery Material shall not be deemed confidential and shall not be subject to this Order, if the content and/or substance thereof:

    (h)    is, at the time of disclosure, in the public domain by publication or otherwise and is not otherwise protected from disclosure as a result;
    (i)    becomes at any time, through no act or failure to act on the part of the recipient party, part of the public domain by publication or otherwise;
    (j)    is already in the possession of a party at the time of disclosure by another party and was acquired other than directly or indirectly from the disclosing party under conditions requiring the confidential treatment of the material; or
    (k)    is made available to a party by a third-party who obtained the same by legal means and without any obligation of confidence to the party claiming its confidential nature.
*(l)*

## 13. Return of Discovery Material

After this case is completed, including the exhaustion of all appeals, each party, unless otherwise agreed in writing by counsel for the parties, shall have thirty (30) calendar days to notify the other parties in writing whether it wants (1) the return of its produced materials designated as "CONFIDENTIAL," including all copies, extracts, and summaries thereof; or (2) the destruction of these materials by the party, person, or firm in possession. Any documents, copies, extracts or summaries that constitute attorney work product may be retained by counsel or destroyed. The return or destruction of these materials shall occur within thirty (30) days after this written notice is received. The party returning or destroying materials under this paragraph shall provide a written certificate to the producing party attesting to the return or destruction of all designated materials.

**14. Waiver or Termination**

The provisions of this Protective Order may not be modified, waived or terminated except by the written stipulation of counsel or order of the Court. This Order shall survive the final termination of this proceeding with respect to any retained "CONFIDENTIAL" Discovery Material. Termination of the proceedings shall not relieve any person from the obligations of this Protective Order, unless the Court orders otherwise. The Court shall retain jurisdiction to enforce the Protective Order despite the termination of this lawsuit.

**15. Notice**

All notices required by this Protective Order are to be served via email to the outside counsel for the parties. The date by which a party to this action receiving the notice shall respond, or otherwise take action, shall be computed from the date that the email was received. Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the party designating Discovery Material under this Order.

**16. Other Proceedings**

By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who receives a written request, subpoena, or court order seeking disclosure of another party's "CONFIDENTIAL" Discovery Material, such person shall promptly (no more than five (5) business days after receipt) notify counsel for the producing party of the request, subpoena, or court order and shall provide a copy of the same.

EXHIBIT A

WRITTEN ACKNOWLEDGEMENT TO ABIDE BY THE TERMS OF THE
STIPULATION AND ORDER REGARDING CONFIDENTIALITY

I, _____, do solemnly swear that I have received a copy of the Stipulated Protective Order Governing Confidentiality that was entered into by the parties in connection with *Alpha Prime Development Corp. v. Holland Loader Company, LLC*, Case No. 09-cv-01763-WYD-KMT (U.S. District Court for the District of Colorado), and I hereby agree to be bound by its terms and conditions. I recognize that during my participation in the handling and development of this case I may have occasion to read or hear of Discovery Material that is designated "CONFIDENTIAL." I agree to use any such Discovery Material solely in connection with my participation in this case and for no other purpose. I hereby submit to the jurisdiction of the United States District Court for the District of Colorado for the limited purpose of enforcing said Stipulated Protective Order Governing Confidentiality, and this Acknowledgement, by contempt proceedings or other appropriate judicial remedies.

I am employed by _____ and my title is _____.

I declare under penalty of perjury that the foregoing is true and correct.

_____

Executed on _____, _____, at _____.

Dated this 22nd day of March, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge