IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–01763–WYD–KMT


ALPHA PRIME DEVELOPMENT CORPORATION,

     Plaintiff,

v.

HOLLAND LOADER COMPANY, LLC, and
STEVEN MICHAEL SVATEK,

     Defendants.

---

**ORDER**

---

     This matter is before the court on "Defendant Svatek's Motion for Expenses" [Doc. No. 54, filed June 23, 2010].  Plaintiff, Alpha Prime Development Corporation (hereinafter "APDC") filed "Plaintiff's Response to Motion for Fees" [Doc. No. 57] on July 14, 2010 and "Defendant Svatek's Reply in Support of Motion for Expenses" [Doc. No. 59] was filed on August 2, 2010. The court has determined that oral argument would not materially assist the court in determination of the motion and therefore the motion is ripe for ruling.

     *Background*

     On March 5, 2010, the defendants served on APDC a number of discovery requests concerning APDC's financial status and condition so that defendants' expert could determine a business valuation of APDC in connection with Defendant Svatek's shareholder counterclaims.

In response, APDC interposed objections and refused to produce a majority of the requested information. It objected, in particular, to Interrogatory No. 14, and Requests for Production 17, 19, 20, 23, and 24. APDC filed its Motion for Protective Order Concerning Business Valuation Discovery Requests [Doc. No. 33] (hereinafter "Mot.P.O.") on April 15, 2010. Defendant Svatek filed a Response in opposition on May 10, 2010 [Doc. No. 48] (hereinafter "Resp. P.O."). The matter was heard on June 14, 2010. [Doc. No. 51.]

APDC's Motion for Protective Order relied upon arguments also set forth in support of its Motion to Bifurcate Issues of Business Valuation [Doc. No. 33],[1] which had been filed contemporaneously on April 15, 2010. APDC argued the need for a protective order on the basis that business valuation was improper at that stage of the litigation. APDC argued (and continues to argue in its bifurcation motion) that the valuation issue is entirely dependent on a preliminary finding that Mr. Svatek is an APDC shareholder or otherwise entitled to shares. APDC argued that to allow discovery on business valuation before this preliminary determination was made would be prejudicial to APDC, a waste of court resources, and confusing to the jury.

Defendants opposed the motion for protective order and requested that the court "pursuant to Fed. R. Civ. P. 26(c)(2), order APDC to respond completely to Interrogatory No. 14 and Requests for Production 9, 17, 19, 20, 23, and 24 . . ." (Resp.P.O. at 7). Additionally, the

---

[1] As of the date of this Order, the Motion to Bifurcate is still pending ruling by Chief Judge Wiley Y. Daniel.

Defendants requested the court, "pursuant to Fed. R. Civ. P. 37(a)(5), award APDC[2] (sic) its expenses incurred in responding to the Motion for Protective Order, including attorneys' fees." APDC filed a Reply [Doc. No. 50] specifically disputed any legal basis under Fed. R. Civ. P. 37(a)(5) for the court to consider Mr. Svatek's request for fees and expenses in connection with responding to the Motion for Protective Order. *Id*. at 3-4.

After oral argument, the court denied the Motion for Protective Order insofar as APDC argued that all discovery concerning business valuation be stayed pending Chief Judge Daniel's ruling on the bifurcation issue. However, the court agreed that information produced in discovery concerning business valuation should be subject to an "Attorney's Eyes Only" provision and directed the parties to submit an amended standard protective order to include such a provision. The court entered an Amended Protective Order concerning confidentiality matters on June 22, 2010. [Doc. No. 53.]

Also at the hearing, the court entered revised discovery deadlines and discussed with the parties a possible procedure for taking of a foreign deposition. At the close of the hearing, the court asked the parties if, after addressing the motion and the revision of the protective order governing discovery, there were other issues to be resolved. The parties did not bring the issue of expenses or fees in connection with the motion to the court's attention and the court did not issue any findings or order in connection therewith. Nine days following the hearing the instant motion to award expenses was filed.

---

[2]The request to award APDC its costs, as opposed to awarding costs to Defendant Svatek, appears to be a typographical error.

*Analysis*

APDC first requests the court disallow the instant motion as a result of Defendant's non-conferral prior to filing the motion. Before sanctions may be imposed, the court must afford the party an "opportunity to be heard." *See* Fed. R. Civ. P. 37(a)(4)(A). The Advisory Committee Notes to the 1993 Amendments to Rule 37(a)(4) make it clear that the Court may consider the issue of sanctions "on written submissions." As noted, Defendant Svatek requested sanctions in his response to Plaintiff's Motion for Protective Order. APDC had resisted the request for an award of expenses and fees in its Reply. While D.C.COLO.LCivR 7.1 may have been technically violated, under all the circumstances of the case the court finds the lack of specific conferral as to Doc. No. 54 is excusable and that the parties had specifically set forth their opposing positions in previous documentation considered by the court. Further, the court finds that Plaintiff has had sufficient "opportunity to be heard" within the meaning of Fed. R. Civ. P. 37.

Pursuant to Fed. R. Civ. P. 37(a)(5)(B), if a motion to compel[3] is denied, the court must, after providing an opportunity to be heard, require the movant of the denied motion or the movant's attorney or both to pay the opposing party's reasonable expenses incurred in opposing the motion, including attorney's fees. Relief from the requirement of such sanctions is allowed

---

[3] The Rule does not specifically address discovery disagreements arising in the context of a Motion for Protective Order. It is not necessary for the court to address this difference given the ruling herein.

only if "the motion was substantially justified or other circumstances make an award of expenses unjust."

"Substantial justification" is satisfied where there exists a genuine dispute concerning compliance. *See Pierce v. Underwood*, 487 U.S. 552, 565–66 (1988). In this context:

> Substantial justification requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. The proponent's position must have a reasonable basis in law and fact. The test is satisfied if there exists a genuine dispute concerning compliance.

*Nguyen v. IBP*, 162 F.R.D. 675, 680 (D. Kan. 1995). *See also*, *Cartel Asset Mgmt. v. Ocwen Financial Corp.*, 2010 WL 502721, at *17 (D. Colo., February 8, 2010) (A position is "substantially justified" if it is "justified to a degree that could satisfy a reasonable person or where reasonable people could differ as to the appropriateness of the objection or response."); Advisory Committee Notes on 1970 Amendments to Fed. R. Civ. Pro. 37(a)(4) ("On many occasions, to be sure, the dispute over discovery between the parties is genuine, though ultimately resolved one way or the other by the court. In such cases, the losing party is substantially justified in carrying the matter to court.").

The court finds that ADCP's Motion for Protective Order [33] was substantially justified even though it was unsuccessful. The case had not at the time and has not as of today, been bifurcated although the plaintiff continues to urge such a finding. If Chief Judge Daniel grants ADCP's bifurcation motion, there is still a question of whether the case will be totally bifurcated or only bifurcated for trial. Since the information sought pertaining to business valuation was likely to be, at least in part, highly confidential, there was every reason for ADCP to attempt to

restrict dissemination of the information from discovery if the whole case was to be presented in two or more parts.  Therefore, ADCP was substantially justified in "carrying the matter to court."

Therefore, it is **ORDERED**

"Defendant Svatek's Motion for Expenses" [Doc. No. 54] is **DENIED**.

Dated this 10th day of August, 2010.


BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge